IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | | |
|---|---|---|
| THE UNITED STATES, | : | |
| Plaintiff, | : | |
| v. | : | Court No. 22-00330 |
| JIHUA "MIKE" LIU and SUN RAY GROUP, INC., | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## COMPLAINT

The United States, through its undersigned attorneys, hereby brings this action and alleges the following:

1. This is an action to recover unpaid customs duties and civil penalties, pursuant to 19 U.S.C. § 1592, relating to approximately 216 customs entries of dried and dehydrated garlic, onion, and other vegetable products.

2. Pursuant to 28 U.S.C. § 1582, this Court possesses exclusive jurisdiction to entertain this action.

3. At all times relevant to the matters described in this complaint, defendant Sun Ray Group, Inc. (Sun Ray) was a California corporation, with a business address of 1260 Lake Blvd., Suites 201, 210, and 211, Davis, California, 95616.

4. At all times relevant to the matters described in this complaint, defendant Jihua "Mike" Liu was the owner and operator of Sun Ray, and resided at 1667 Danbrook Drive, Sacramento, California, 95835.

5. Beginning in 2002, Mr. Liu, using various corporate identities as the importer of record, imported agricultural food products, such as dried and dehydrated garlic, onion, and other vegetable products.

6. During a period from on or about May 20, 2010, through on or about March 21, 2012 (the subject period), defendants Mr. Liu and Sun Ray, caused to be entered or introduced into the commerce of the United States certain merchandise, consisting of dried and dehydrated garlic, onion, and other vegetable products under the cover of approximately 216 entries (the imported merchandise) identified in Exhibit A to this complaint.

7. During the subject period, Mr. Liu directed the decisions at Sun Ray, and was knowledgeable, regarding the importation of the imported merchandise.

8. During the subject period, Mr. Liu directed the decisions at Sun Ray regarding the value determinations for the imported merchandise that were reported to CBP upon entry into the commerce of the United States.

9. The imported merchandise was entered or introduced into the commerce of the United States by Sun Ray, under the direction of Mr. Liu, by means of knowingly false material statements, acts, or omissions regarding the value of the imported merchandise.

10. Specifically, Mr. Liu directed Sun Ray to enter or introduce the imported merchandise into the commerce of the United States, at a value that was knowingly less than the cost paid or payable to its suppliers, by means of two different, but similar, methods.

11.     First, Mr. Liu directed Sun Ray to understate the value of the imported merchandise by using more than one set of invoices: the first invoice, which was submitted to CBP, reflected only a portion of the price of the imported merchandise paid or payable by Sun Ray, and the second invoice, which was not provided to CBP, would bear the same invoice number as the first and would reflect "service fees" such as "testing fees," "customer service fees," "research and development fees," and "special packaging fees."  Entries for which Mr. Liu and Sun Ray used two sets of invoices, including the date of entry and the factual circumstances relating to each entry, are identified in Exhibit B.

12.     For each entry where two invoices were used, Mr. Liu directed Sun Ray to report the value of the imported merchandise to CBP at the price listed on the first invoice, *i.e.*, the lower price value.

13.     For each entry where two invoices were used, Mr. Liu directed Sun Ray to pay its suppliers of the imported merchandise the sum of the prices listed on both the first and second invoices.

14.     For each entry where two invoices were used, Mr. Liu directed Sun Ray to conceal from CBP the total price paid or payable to its suppliers of the imported merchandise, which included the costs listed on both the first and second invoices.

15.     For each entry where two invoices were used, Mr. Liu directed Sun Ray to make payment for each invoice separately, but both payments referenced the same invoice number.

16.     For each entry where two invoices were used, Mr. Liu maintained spreadsheets that reflected the actual price paid or payable for the imported merchandise.

17. Second, Mr. Liu directed Sun Ray to understate the value of the imported merchandise by using false invoices — containing incorrect, lower unit prices — that did not reflect the actual prices paid or payable to its suppliers for the imported merchandise. Entries for which Mr. Liu and Sun Ray used false invoices, including the date of entry and the factual circumstances relating to each entry, are identified in Exhibit C.

18. For each entry where a false invoice was used, Mr. Liu directed Sun Ray to report the value of the imported merchandise to CBP at the cost listed on the false invoice, which contained an incorrect, lower unit price.

19. For each entry where a false invoice was used, Mr. Liu computed the total amount payable to the supplier of the imported merchandise based on a contract price or communicated with the supplier to obtain the total amount payable.

20. For each entry where a false invoice was used, Mr. Liu directed Sun Ray to pay the supplier of the imported merchandise a price exceeding the total entered value of the imported merchandise as reported to CBP.

21. For each entry where a false invoice was used, Mr. Liu maintained spreadsheets that reflected the actual price paid or payable for the imported merchandise to its supplier.

22. For each entry where a false invoice was used, the actual price paid or payable for the imported merchandise was higher than the value Mr. Liu directed Sun Ray to report to CBP.

23. For each entry where a false invoice was used, Mr. Liu directed Sun Ray to conceal from CBP the actual price paid or payable for the imported merchandise.

24. As a result of Sun Ray's understatement to CBP of the price paid or payable for the imported merchandise, Sun Ray paid less in duties and fees on these entries than it would have paid if it had accurately reported the price paid or payable for the imported merchandise.

25. As a result of Sun Ray's understatement to CBP of the price paid or payable for the imported merchandise, Mr. Liu received a financial benefit.

26. Mr. Liu and Sun Ray made these false statements to CBP regarding undervaluation knowing that they were false.

27. As a result of this conduct, the United States was deprived of lawful duties and fees in the amount of approximately $1,934,489.26.

28. On or about December 6, 2016, CBP issued pre-penalty notices to Mr. Liu and Sun Ray for the subject entries, pursuant to 19 U.S.C. § 1592(b)(1), notifying Mr. Liu and Sun Ray of violations of 19 U.S.C. § 1592(a) relating to entries that were undervalued by Mr. Liu and Sun Ray between May 2010 and March 2012.

29. In the pre-penalty notices, CBP estimated a loss of revenue valued at $1,938,389.49 and proposed a penalty valued at $15,198,484.57.

30. In the pre-penalty notices, CBP alleged that Mr. Liu and Sun Ray's violations of 19 U.S.C. § 1592 were the result of fraud, or, in the alternative, the result of gross negligence or negligence.

31. Mr. Liu did not file a response to the pre-penalty notice.

32. Sun Ray did not file a response to the pre-penalty notice.

33. On or about January 25, 2017, CBP issued penalty notices against Mr. Liu and Sun Ray for $15,198,484.57, as well as a duty demand for $1,938,389.49, pursuant to

19 U.S.C. § 1592(b)(2), alleging that Mr. Liu and Sun Ray's violations were the result of fraud.

34. On or about July 25, 2018, Mr. Liu and Sun Ray submitted a request for prior disclosure treatment to CBP in response to the penalty notices.

35. On April 30, 2020, CBP denied Mr. Liu and Sun Ray's request for prior disclosure treatment.

36. To date, Mr. Liu has not paid any amount of the duties or penalty owing.

37. To date, Sun Ray has not paid any amount of the duties or penalty owing.

38. All administrative notices, petitions for relief, and demands for payment were processed in accordance with applicable laws and procedures. Accordingly, CBP has exhausted all administrative remedies.

## COUNT I

39. The allegations contained in paragraphs 1 through 38 above are restated and incorporated by reference.

40. The material false statements, acts, or omissions described above were committed, submitted, made, or caused by Mr. Liu and Sun Ray knowingly, voluntarily, and intentionally, and thus were fraudulent violations of 19 U.S.C. § 1592(a).

41. As a result of the fraudulent violations of 19 U.S.C. § 1592(a) described above, pursuant to 19 U.S.C. § 1592(d), Mr. Liu and Sun Ray are liable, jointly and severally, for $1,934,489.26 of lawful duties and fees of which the United States has been deprived, plus interest pursuant to 19 U.S.C. § 1505, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961.

42. As a result of the fraudulent violations of 19 U.S.C. § 1592(a) described above, pursuant to 19 U.S.C. § 1592(c)(1), Mr. Liu and Sun Ray are liable, jointly and severally, for a penalty for fraud in the amount of $15,005,109.64, which is equal to the domestic value of the merchandise.

## **COUNT II**

43. The allegations contained in paragraphs 1 through 42 above are restated and incorporated by reference.

44. In the event that the Court determines that the material false statements, acts, or omissions described above that were committed, submitted, made, or caused by Mr. Liu and Sun Ray were not fraudulent violations, then they were grossly negligent violations of 19 U.S.C. § 1592(a).

45. As a result of the grossly negligent violations of 19 U.S.C. § 1592(a) described above, pursuant to 19 U.S.C. § 1592(d), Mr. Liu and Sun Ray are liable, jointly and severally, for $1,934,489.26 of lawful duties and fees of which the United States has been deprived, plus interest pursuant to 19 U.S.C. § 1505, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961.

46. As a result of the grossly negligent violations of 19 U.S.C. § 1592(a) described above, pursuant to 19 U.S.C. § 1592(c)(2), Mr. Liu and Sun Ray are liable, jointly and severally, for a penalty for gross negligence in the amount of approximately $7,737,957.04, which represents four times the lawful duties, taxes, and fees of which the United States was deprived.

## COUNT III

47. The allegations contained in paragraphs 1 through 46 above are restated and incorporated by reference.

48. In the event that the Court determines that the material false statements, acts, or omissions described above that were committed, submitted, made, or caused by Mr. Liu and Sun Ray were not the result of fraud or gross negligence, then they were negligent violations of 19 U.S.C. § 1592(a).

49. As a result of the negligent violations of 19 U.S.C. § 1592(a) described above, pursuant to 19 U.S.C. § 1592(d), Mr. Liu and Sun Ray are liable, jointly and severally, for $1,934,489.26 of lawful duties and fees of which the United States has been deprived, plus interest pursuant to 19 U.S.C. § 1505, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961.

50. As a result of the negligent violations of 19 U.S.C. § 1592(a) described above, pursuant to 19 U.S.C. § 1592(c)(3), Mr. Liu and Sun Ray are liable, jointly and severally, for a penalty for negligence in the amount of approximately $3,868,978.52, which represents two times the lawful duties, taxes, and fees of which the United States was deprived.

*    *    *    *    *

WHEREFORE, the United States respectfully requests that the Court enter judgment for the United States against defendants Jihua "Mike" Liu and Sun Ray Group, Inc., jointly and severally, for (1) unpaid duties and fees of $1,934,489.26, pursuant to 19 U.S.C. § 1592(d), plus interest pursuant to 19 U.S.C. § 1505, equitable interest, and post-judgment interest pursuant to 28 U.S.C. § 1961; (2) a penalty for fraud in the amount of

$15,005,109.64, pursuant to 19 U.S.C. § 1592(c)(1); or in the alternative, a penalty for gross negligence in the amount of $7,737,957.04, pursuant to 19 U.S.C. § 1592(c)(2); or in the alternative, a penalty for negligence in the amount of $3,868,978.52, pursuant to 19 U.S.C. § 1592(c)(3); and (3) such other relief as the Court deems appropriate.

Pursuant to Rule 38 of the Rules of the United States Court of International Trade, the United States demands a trial by jury as to all issues so triable.

                              Respectfully submitted,

                              BRIAN M. BOYNTON
                              Principal Deputy Assistant Attorney General

                              PATRICIA M. McCARTHY
                              Director

                       By: /s/ Justin R. Miller
                              JUSTIN R. MILLER
                              Attorney-in-Charge
                              International Trade Field Office

Of Counsel:                          /s/ Luke Mathers
ZOE WONG                           LUKE MATHERS
Office of the Assistant Chief Counsel    Trial Attorney
U.S. Customs and Border Protection     Department of Justice, Civil Division
                                        Commercial Litigation Branch
                                        26 Federal Plaza, Suite 346
                                        New York, New York 10278
                                        Tel.: (212) 264-9236 or 9230
                                        *Attorneys for Plaintiff*

Dated: December 6, 2022